Judge Lanr
pronounced the opinion of the court:
The plaintiffs, claiming to be the heirs of Andrew Murdock, *inheriting his realty, pretend to be entitled, in that character, to an account and distribution of the personal estate; and while they ask the account against one defendant, they pray to be quieted in their possession against the others. The bill is objectionable for its multifariousness, as it attempts to combine in' the same suit claims against different classes of defendants, between whom subsists no privity.
But, passing over this objection, their rights to the personal-property have no existence upon this state of facts. The plaintiffs are the brothers and sisters of the decedent, and in the absence-of legitimate issue, inherit his real estate ; but as he died without children, the law (Stat. of Ohio, ch. 29, p. 236, sec. 28) gives the whole of the personalty to the wife. Whatever, then, be the deficiencies of the administrator, the plaintiffs have no interest in calling him to an account.
Their right to the college lot depends on the character of the estate which Andrew Murdock held in it; if it be not inheritable, their possession ought not to be protected. It was a lease upon an annual rent for ninety-nine years, renewable forever. We know that such interests are usually treated as fees simple by the holders; that in case of death, they are ordinarily transmitted to the heirs as realty, without being accounted for by the administrator ; that the law requires them to be appraised as real estate-in sales under execution (Stat., ch. 29, p. 103, see. 19); that such interests are liable to dower (29 Stat. 250, sec. 1), and, perhaps, it might be expedient for the legislature to make them inheritable; but no proposition has been better settled, from the earliest days of the common law, than that a lease, of whatever duration, is. but a chattel. In the absence of legislation, it only remains for us to follow the current of authorities. 3 Ohio, 465; 4 Ib. 207.
The only statute we find upon this subject is contained in the “ act to establish the Ohio University.” 6 Stat. of Ohio, 188, see. 10. Which declares that the tenants or lessees shall enjoy and exercise all the rights and privileges which “ they would be entitled to enjoy, did they hold their lands in fee simple;” a provision designed, in our opinion, to secure to the tenants civil and political privileges; not to change the quality of their estates.
Counsel have argued this ease upon another hypothesis; taking *125 the lease to be a chattel, as the testator gave it to his *wife for her life only; what remains after her life is not disposed of by will, but reverts to the testator, to be distributed by his representatives. This doctrine, when applied to chattels real, seems, countenanced by the books. 6 Cruise, 287 ; 1 P. Vms. 666 ; 1 Salk. 278; But our view of the case renders a decision unnecessary; if the estate of the widow was for life only, and a reversion substituted in the executors of the testator, subject to distribution, she was the executor and the distributee, and entitled to such reversion, and her rights became absolute, since the estate for life and the reversion met in the same person.
Bill dismissed.